Andrew Peterson, for the use, etc., v. The Hartford Fire Insurance Company.

Gen. No. 10,841.

1. INSURANCE POLICY—*when, not in force.* Where the agent of an insurance company receives a premium in exchange for a policy of insurance, and embezzles such premium, and, subsequently, in order to conceal his wrong doing, obtains another policy from a different insurance company, and without the consent of the insured, through a mortgagee holding such first policy, makes a substitution of such second policy therefor, such second policy is not a subsisting obligation.

2. INSURANCE POLICY—*what does not ratify the fraudulent cancellation of an.* The mere fact that a person who has suffered loss by fire, signs a statement to the effect that he has no insurance with a particular company, is not a ratification of a previous fraudulent and unauthorized cancellation of a policy, in such company, where he signs such a statement at the instance of the agent of the company and without full knowledge of the facts as to such cancellation.

3. INSURANCE POLICY—*what does not ratify the fraudulent surrender of an.* Where one insurance policy has been fraudulently substituted for another and such other fraudulently surrendered, such surrender is

not ratified by the bringing of a suit upon the other policy for a loss subsequently occurring.

Action of assumpsit upon insurance policy.   Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed, and judgment here.   Opinion filed December 18, 1903.

DANIEL F. FLANNERY, for appellant.

BATES & HARDING, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a suit on a fire insurance policy. The case was submitted to and tried before the court without a jury. Judgment was rendered against the plaintiff, who appeals.

The facts will be found substantially set forth in the statement preceding the opinion of this court filed when the case was here before, and reported in 87 Ill. App. 567. The unavoidable conclusion is that Martin, the agent of appellee, had appropriated to his own use the premium paid to him by appellant on the policy in controversy; that said policy issued by appellee was a valid and binding obligation in full force and effect; that being agent of the Firemen's Insurance Company, as well as of appellee, Martin took advantage of his position as such agent to procure what purported to be a policy of the Firemen's Company for the same amount upon the same premises; that no premium was ever paid on the Firemen's policy; that Martin fraudulently obtained possession of the policy issued by appellee from its custodian, the mortgagee, and induced the latter to accept as a substitute, the said policy purporting to have been issued by the Firemen's Company; and that he did this to conceal his continued misappropriation of the premium paid him upon appellee's policy.

It is now contended in behalf of appellee, first, that the substituted Firemen's policy was in full force and effect when the loss occurred; second, that the policy issued to appellant Peterson by appellee was cancelled when its custodian, the mortgagee, delivered it to the agent, Martin;

and, third, that the surrender and alleged cancellation of that policy were ratified by Peterson, the insured, after the loss occurred.

We do not understand the assertion made by appellee's attorneys in their brief that the premium paid by appellant to Martin, appellee's agent, was " retained by him as payment of the premium on the Firemen's policy at the time the exchange was made," and that " the premium which was paid to Martin by Peterson at the time he took the Hartford policy, was applied by Martin upon the payment of the premium on the Firemen's policy." These statements are contrary to the agreed statement of facts made between the counsel, and are misleading. The premium referred to was not so retained or applied. If it is meant that the continued retention of the premium paid to Martin by appellant on the policy issued by appellee, was, in legal effect, an application of it on the Firemen's policy, the contention had no foundation in fact or law. There is no evidence whatever that he made even a nominal application of it on the Firemen's policy, or ever intended so to do; and if he had done so, his action would have been without authority, so far as appears, from either appellant, who had paid the premium to apply on the prior policy, or from appellee, to whom the money then belonged. But no premium whatever was paid on the Firemen's policy by any one, according to the conceded facts. When Martin found he could no longer conceal his misappropriation of the premium paid him by appellant, without obtaining possession of the policy issued by appellee, he used the Firemen's policy as a means to that end, to enable him to conceal and perpetuate a fraud. Its use in that way did not suffice to make it a valid contract. It appears, however, to be immaterial so far as appellee is concerned, whether that policy was valid or not. By the terms of appellee's policy other insurance is permitted.

The second of appellee's contentions is disposed of by what we said at the former hearing. Peterson v. Hartford Fire Insurance Company, 87 Ill. App. 567–572–3. It

Peterson v. Hartford Fire Insurance Co.

is there said that appellant's rights were fixed by the contract and he could not be deprived of them without his consent, except in the manner provided by the contract; that the mortgagee had no authority to cancel the policy in controversy; that there was no notice of intention to cancel given to appellant, and no repayment of the unearned premium; and that the attempted cancellation was ineffectual against appellant Peterson.    We see no reason to change the views so expressed.

It is urged in the third place that the exchange made by the mortgagee with Martin, appellee's agent, was ratified by appellant after the loss occurred.    It appears that the latter notified appellee of the destruction of the premises by fire, a few days thereafter.    Subsequently, he appears to have been led by another agent of appellee to suppose that the latter's policy had been legally cancelled and that the Firemen's policy was a valid substitute.    He signed a statement to that effect on the back of the notice referred to.    It does not appear that he knew the facts when he signed this statement at the instance of appellee's agent, and he has repudiated his act in this regard since being further advised.    The mere statement of his conclusion upon a question of law, that he had no insurance from appellee, even if sworn to (which is not admitted), when he was wrongfully led to think the statement true, did not change the fact that he did not have such insurance, and it was in no sense a ratification under the circumstances as they here appear.    It is insisted, however, that appellant ratified the surrender of appellee's policy and the substitution of the Firemen's policy when he brought suit on the latter policy, as well as upon the policy now in controversy.    It is doubtless true that an action to enforce a contract made by an agent, is ordinarily sufficient evidence of the authority of the agent to make it.    But in the present case, the rights and liabilities of the parties had been fixed at the time the loss occurred.    Hartford Fire Ins. Co. v. McKenzie, 70 Ill. App. 615, 623.    At that time appellant had no knowledge of the attempted exchange and had done

nothing whatever to confirm or ratify it. What he said and did subsequently in making claim under the Firemen's policy, was done in ignorance of the facts, and with the purpose of protecting whatever rights he might have under either of the policies, both of the companies having denied liability. The fact that he brought suit upon the Firemen's policy at the same time or immediately after bringing the present suit, cannot be construed as a ratification of the unauthorized surrender of the policy issued by appellee, for he was then seeking to enforce that policy by this action.

For the reasons indicated, we are of opinion that appellant is entitled to recover and that the judgment of the Circuit Court is erroneous. That judgment will, therefore, be reversed, and judgment entered here for the sum of $1,700, with interest thereon at the rate of five per cent per annum from December 17, 1893, with a finding of facts to be embodied in the judgment.

*Reversed, and judgment here.*